# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIBERTY MUTUAL GROUP,<br>    Plaintiff | : | |
| | : | CIVIL ACTION |
|     v. | : | |
| | : | NO. 09-3941 |
| IRENE THOMAS,<br>    Defendant | : | |

March _24, 2010                                                                                             Anita B. Brody, J.

## EXPLANATION

On December 1, 2004, Defendant Irene Thomas was struck by a motor vehicle as she was attempting to enter a school bus owned and operated by Atlantic Express Bus Company. The vehicle that struck Thomas was uninsured at the time of the accident; the school bus was insured by Plaintiff Liberty Mutual Group ("Liberty Mutual"). Thomas sought uninsured motorist coverage from Liberty Mutual and the parties agreed to arbitrate, at the very least, some aspects of the dispute. On August 28, 2009, just over two weeks before the scheduled arbitration, Liberty Mutual filed this action seeking a declaration that it has no obligation to provide uninsured motorist benefits to Thomas. Thomas filed this motion to dismiss, arguing (1) that I should exercise my discretion to decline jurisdiction over this declaratory judgment action and (2) that I should dismiss this action because Liberty Mutual agreed to arbitrate the entirety of the dispute. For the reasons that follow, I will grant Thomas's motion to dismiss and decline jurisdiction over this declaratory judgment action.

The Declaratory Judgment Act states that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Federal district courts may decline jurisdiction over declaratory judgment actions "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282-83 (1995).[1] District courts should adopt "a general policy of restraint" when a declaratory judgment action is restricted to state law and the same issues are pending in state court. State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2001). "A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135.

The parties disagree about whether the same issues are pending in a state arbitration proceeding.[2] Liberty Mutual argues that this action addresses a different issue because Liberty Mutual never agreed to arbitrate the question of insurance coverage (i.e., whether Thomas should be considered an "occupant" of the school bus such that she is entitled to uninsured motorist benefits). Liberty Mutual states that although it agreed to arbitrate fault and damages, it carved out coverage issues from arbitration in an August 1, 2007 letter, where it wrote:

---

[1] Subject matter jurisdiction is proper because the parties are diverse and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.

[2] The state proceedings began on July 11, 2007, when Thomas filed a petition to appoint an arbitrator on behalf of Liberty Mutual in the Philadelphia Court of Common Pleas. The parties agreed to arbitrate the dispute and, on August 1, 2007, Liberty Mutual wrote Thomas, appointing Samuel Pace, Esq. as its arbitrator. On September 14, 2007, the Philadelphia Court of Common Pleas entered an order appointing Angelo Scaricamazza, Esq. as Liberty Mutual's arbitrator. On October 10, 2007, pursuant to an understanding between the parties, Mr. Scaricamazza agreed to act as the neutral arbitrator.

"Please be further advised that the appointment of this arbitrator in no way waives any defense or argument that insurance coverage does not exist for Ms. Thomas as related to this incident."

Thomas responds that Liberty Mutual's letter failed to exclude coverage issues from arbitration. Instead, Thomas states, "the simplest, fairest, and most rational interpretation of this language is that Liberty Mutual reserved the right to challenge Ms. Thomas' coverage *at the arbitration itself*." Thomas further argues that Liberty Mutual's conduct over the past two years, including its participation in extensive discovery, demonstrates Liberty Mutual's intent to arbitrate all issues.

Although the scope of the original agreement is contested, the record is clear that, for the past two years, Liberty Mutual engaged in discovery connected to the arbitration without making any effort to seek a determination that coverage issues were outside the arbitration's scope. Portions of the discovery addressed insurance coverage issues, including Liberty Mutual's request for proof that the striking vehicle was uninsured, deposition testimony regarding where Thomas was standing when she was injured, and Liberty Mutual's uninsured motorist coverage limit. (Resp. Mot. Dismiss, Ex. A, Sorce letter, Aug. 1, 2007; Compl., Ex. C, Mesidor Dep. 20:5-21:1 & 22:19-22:23, Apr. 8, 2009; Mot. Dismiss, Ex. A, McNulty letter, Jan. 15, 2009). Even if discovery had avoided coverage issues, it is an obvious waste of the parties' resources for them to engage in discovery on fault and damages, only to challenge coverage on the eve of arbitration. The availability of insurance benefits is a preliminary question that Liberty Mutual should have raised at the outset of the proceedings.[3] More importantly, it is clear that if I were to

---

[3] At a March 15, 2010 hearing, Liberty Mutual argued that it was unable to seek declaratory judgment in federal court at an earlier date because, until January 2009, it believed that less than

grant the relief Liberty Mutual seeks – a declaration that it has no obligation to provide insurance benefits for Thomas – it would completely derail the arbitration process that was approved by a state court and has been ongoing for two years.

Finally, I note that this declaratory judgment action is restricted to questions of state law. "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136. See also Rinkenbach v. State Auto Ins. Co., No. 07-870, 2007 WL 1314889, at *3-4 (E.D. Pa. May 4, 2007) (even in absence of parallel state court proceeding, district courts may decline jurisdiction over declaratory judgment actions that raise only questions of state law). Thus, I will exercise my discretion to decline jurisdiction over this declaratory judgment action.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to:

---

$75,000 was at issue, defeating federal jurisdiction. Liberty Mutual's inability to seek declaratory judgment in federal court, however, in no way precluded it from seeking relief in state court.